|    |     |
|----|-----|
| 73 | 27  |
| 81 | 173 |

## ARBUCKLE *v.* MATTHEWS.

### Opinion delivered November 12, 1904.

1. ANCIENT DOCUMENT—ADMISSIBILITY.—To entitle an ancient document to be admitted without direct proof of its execution, there are four requirements:· (*a*) The document must have been in existence for thirty years or more; (*b*) it must have been found in a proper custody, *i. e.* in a place consistent with its genuineness; (*c*) it must not have a suspicious appearance; and (*d*) there must be, if it purports to convey title to land, some other attendant circumstance corroborating its genuineness—either possession of the land or some other item of corroboration. (Page 31.)

2. DECREE OF CONFIRMATION—COLLATERAL ATTACK.—A decree of confirmation of a tax title is not void on collateral attack because the proof of publication of the notice calling on persons interested in the lands to show cause why the sale should not be confirmed failed to comply with the statute (Mansf. Dig. § 577). *Clay* v. *Bilby,* 72 Ark. 101, followed. (Page 32.)

Appeal from Craighead Chancery Court.

EDWARD D. ROBERTSON. Chancellor.

Affirmed.

Mrs. Lula J. Arbuckle brought suit against ·Matthews & Whittaker to quiet the title to section 36, township 15 north, range 6 east.

To establish her title, plaintiff relied upon a certificate of entry of the land as swamp land by John W. Lumpkin in 1852; upon a patent certificate alleged to have been issued by the State on August 30, 1860, to David C. Cross, as assignee of John W. Lumpkin, which certificate, on April 15, 1861, was assigned by said Cross to Joseph C. Williams, and was recorded September 25, 1885; and upon a deed of conveyance of the land from Joseph C. Williams to Josephine B. Jones, who died intestate, leaving plaintiff as her only heir.

Defandants claimed, first, under a tax purchase from the State Land Commissioner in 1877 under a forfeiture for the year 1868, which sale was confirmed by a decree of the chancery court in 1891; second, that the State, on November 15, 1877, patented the land to the heirs of John W. Lumpkin, who had previously died leaving W. D. Lumpkin and E. A. Force as his sole heirs, and that on October 10, 1879, W. D. Lumpkin conveyed his interest to H. T. & E. A. Force, who, on October 14, 1879, conveyed said lands to defendants.

Plaintiff contended (1) that the land was redeemed from the tax sale in 1870-1872, and (2) that the confirmation proceeding was void for want of jurisdiction. The proof shows that the decree of confirmation, which was in the usual form, recited that "notice of publication required by the statute in cases of confirmation of title was duly and properly made." The proof of publication attached to said notice is as follows:

"STATE OF ARKANSAS,

"COUNTY OF CRAIGHEAD,

"I, W. D. Cobb, publisher of the Jonesboro Times, a weekly newspaper published in the town of Jonesboro, in the county and State aforesaid, having a *bona fide* circulation therein; do solemnly swear that the annexed advertisement was published in said paper successively for six weeks, the first insertion being on the 20th day of November, 1890, and the last insertion being on the 25th day of December, 1890. So help me God.

"W. D. COBB, Publisher.

"Sworn to and subscribed before me, this second day of January, 1891.

"(Seal.)    JOHN W. MACKEY, Notary Public."

Plaintiff insisted that the proof of publication of the notice was fatally defective within the rule in *Baker* v. *York,* 65 Ark. 142, in that the allegations in the affidavit as to the affiant's connection with the paper, its place of publication, its circulation, etc., were mere recitals, without the sanction of an oath.

Upon the final hearing the court found for defendants, and dismissed the bill for want of equity. Plaintiff has appealed.

*Gordon Frierson* and *Chas. Frierson,* for appellant.

The title to the lands is in plaintiff unless it was divested by the tax proceedings. 22 Ark. 712; 36 Ark. 334; Bradner, Ev. 635; 147 U. S. 91; 11 Am. & Eng. Enc. Law (2d Ed.), 1010. Public officers are presumed to do their duty as the law requires. 18 How. 87; 6 Pet. 727; 7 Wheat. 122. The assignment of the certificate was valid. 8 Ark. 328; 12 Ark. 296; 24 Ark. 402; 48 Me. 516; 5 Cranch, 242; 3 Wheat, 597; 120 U. S. 605; 124 U. S. 280; 27 Ark. 160; 14 Ark. 286; 17 Ark. 203. A purchaser of real estate is bound to take notice of all recitals in the chain of title through which he derives title. 2 Jones, Conveyances, § 1548; 35 Ark. 100; 50 Ark. 322, 447; 142 U. S. 417; 78 Wis. 524; 43 Ark. 467. The decree of confirmation is void. 8 How. 540. Estoppels must be certain to every intent. 158 U. S. 221; 37 Ala. 346; 24 Conn. 547; 95 Ga. 142; 11 Allen, 350; 18 Wall. 350; 97 U. S. 444; 48 Ark. 238; Bailey, Juris. § 137; 14 Wis. 28; 17 Ind. 377. The decree of confirmation was void. 50 Ark. 390; 110 U. S. 710; 83 Ga. 1; 83 Ind. 417; 86 Mo. 357; 16 S. W. 831; 16 Pac. 380; 94 Mo. 106, 671; 100 Mo. 321; 44 Miss. 235; 102 Mo. 456; 37 Fed. 37; 39 Minn. 336; 48 Ia. 94; 29 Wis. 164; 74 Ill. 274. Parol proof offered to prove the publication is inadmissible. 49 Ark. 397; Her. Judg. § 131; 21 Vt. 578; 4 Metc. 421; 54 Me. 393; 21 La. Ann. 682; 82 Me. 76; 3 Green (La.), 249; 10 Ind. 146; 146 Mass. 439; 6 Barb. 6-7; 24 How. 333; Bradner, Ev. 118. Proof of publication is part of the record. 17 Enc. Pl. & Pr. 907; 3 Sawy. 274; 33 Ark. 107; 20 Am. & Eng. Enc. Law, 486. The statute relating to confirmations is a special one, and by it confirmations must be tested. End. Int. Stat. § 223; 30 Ark. 719; 52 Ark. 312; 23 Am. & Eng. Enc. Law, 422. Proof of publication was not made as the law requires.

36 Ill. 408; 16 Am. & Eng. Enc. Law, 768; 1 Enc. Pl. & Pr. 328; 42 Ark. 183; 31 Oh. St. 646; 36 Oh. St. 281; 7 Wend. 516; 65 Ark. 142.

*J. C. & D. K. Hawthorne,* for appellees.

The assignment of the certificate was void. The administrator had no authority to make the assignment. Gould's Digest, c. 4, § § 72, 73; 47 Ark. 215; 51 Ark. 447; 36 Ark. 334; 17 Ark. 204; 14 Ark. 141; 13 Ark. 593. The assignment of the certificate was not admissible to record. Acts 1883, 90; Gould's Dig., c. 101, § 45. Patent certificate No. 189 was not a link in the chain of title. 7 C. C. A. 304. Patent certificates are frequently issued to deceased persons, and the heirs take the legal title. 5 Ark. 485. The confirmation was valid. 26 Ark. 124; 48 Ark. 238; 5 Ark. 427; 10 Pet. 479; 21 Ark. 364; 117 U. S. 255; 18 Wall. 350. The proof of publication was sufficient. 47 Ark. 131; 52 Ark. 400; 57 Ark. 49, 628; 66 Ark. 1, 180; 68 Ark. 211. The description in the notice was sufficient. Sand. & H. Dig. § 628.

HILL, C. J.    1. On April 20, 1852, the board of swamp land commissioners at Helena issued a certificate of entry to John W. Lumpkin, *inter alia,* to the land in controversy. This is the common source of title of appellant and appellees; the appellant contending her title is senior and paramount to appellees. An essential link in the chain of appellant's title is a patent certificate from the State to David C. Cross as assignee of Lumpkin. That the administrator of Lumpkin assigned it to Cross is shown, the point of dispute being whether Cross obtained the State's title, or an equitable right thereto, before the State issued a patent to John W. Lumpkin, his heirs and assigns, in 1877, which title, if it conveyed anything, has passed to appellees. This latter title purports to convey the State's interest to the original locator, his heirs and assigns, and must prevail unless appellant shows the legal or equitable title had prior thereto passed from the State and to a party from whom she deraigns title. This is attempted to be done in this way, as stated by appellant's counsel:

"On August 30, 1860, the land agent at Batesville, upon the surrender to him of the certificate of application, issued in lieu thereof patent certificate No. 189 to David C. Cross. Every

fact stated in the sentence last above is established by the cer-
tified copy of the certificate of application, with the indorsements
thereon, which is in evidence, except the name of the person to
whom the patent certificate was issued. The certificate of the
land agent, indorsed upon the original certificate, does not state
to whom the patent certificate was issued. The plaintiff offers
in evidence a copy of an instrument of writing purporting to be
this patent certificate. The copy is made from the record of the
instrument, as the same appears on the record of deeds in Craig-
head County, Arkansas. The instrument, however, was not
entitled to record; and, though the copy is certified by the clerk,
we rely upon the other proof in the case touching this point to
render the copy admissible."

Appellant has made diligent search for the original, and
plausibly accounts for the loss of it, but neither she nor any other
witness claims to have ever seen the original. The clerk recorded
in 1885 what purported to be the original, and of it he says:
"The instrument was unsealed, and I do not know whether it was
a copy of the original, but it purported to be the original." The
evidence of its contents is derived solely from this record of it.
The appellant invokes the rule of ancient deeds proving them-
selves. The admission of such documents without direct proof
requires: "(a) The document must have been in existence for
thirty years or more; (b) it must have been found in a proper
custody, i. e., in a place consistent with its genuineness; (c) it
must not have a suspicious appearance; and (d) there must be,
if it purports to convey title to land, some other attendant cir-
cumstance corroborating its genuineness—either possession of
the land or some other item of corroboration." 1 Greenleaf, Ev.
(16th Ed.) § 575b, p. 721.

The facts established, viewing them most favorably for
appellant, do not bring this case within said rule.

2. It is admitted that the lands forfeited for taxes in 1868.
It is claimed that they were redeemed, and the evidence thereof
is the testimony of the late Judge W. H. Cate. The substance of
his testimony is contained in a letter he wrote in 1893, reviewing
his actions as attorney for the parties interested during a period
contained from 1870 to 1875. He says: "I feel morally certain
from my memory and memorandum that I redeemed Mrs. Jones'
land, or bought it from Mrs. Davis or the State; which, I can not

say, but think it was redeemed from the State, and such redemption was made in 1870-1872, most probably 1871, and I paid taxes on it all 1875, and I think I could safely testify to this state of facts." This evidence, notwithstanding it comes from a man known to be of the purest character and great mental force, is insufficient, from its remoteness in time to the transaction and the very honest uncertainty of the witness as to the exact course pursued by him, to call for a reversal of the chancellor's finding against it.

3. If Judge Cate's evidence did sufficiently prove the redemption, yet appellant has still to face a decree confirming the tax title which admittedly carried the title to the appellees unless the decree was void for want of jurisdiction. Various defects are claimed, and, if full force is given to the evidence to sustain each, yet they would all fall within the class of defects constituting mere irregularities which do not, on collateral attack, render the decree void. *Clay* v. *Bilby*, 72 Ark. 101, 78 S. W. 794, declares the ultimate conclusion of this court on these questions, and is conclusive against appellant here.

Decree affirmed.

BATTLE, J., not participating. WOOD, J., concurs on first two propositions, and expresses no opinion on the third.